E-FILED
Tuesday, 15 June, 2021  07:18:23 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| MARK L. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 4:20-CV-04246 |
| | ) | |
| HY-VEE, INC., an Iowa Corporation; TROY | ) | **MEMORANDUM IN SOPPORT** |
| HOEGNER, an individual; JERAD | ) | **OF DEFENDANTS' MOTION** |
| WELTER, an individual; and TIM | ) | **TO DISMISS** |
| HOUSBY, an individual; | ) | |
| | | |
| Defendants. | | |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>**

Defendants, by and through their undersigned attorneys, file this Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. of Civ. P. 12(b)(1) and 12(b)(6) and in support thereof state as follows:

## I.    INTRODUCTION

Plaintiff, Mark White, is a former employee of Hy-Vee, Inc. who now purports to bring an eight-count Complaint against Hy-Vee and three of its employees alleging a variety of claims that are time-barred, preempted or otherwise subject to dismissal as described in more detail below. Given the applicable and governing standard of any Rule 12(b)(6) motion, the merit of the factual allegations are not at issue. However, Plaintiff's improper efforts to combine time-barred allegations with others completely outside the scope of the underlying IDHR/EEOC charge in the Complaint requires an extraordinary task of unraveling and unweaving to determine what claims Plaintiff even purports to make in this case.

Prior to detailing each argument warranting dismissal with prejudice in this case, Defendants highlight the procedural background at the administrative level that preceded this case. Notably, Plaintiff improperly includes allegations and claims that were either (1) never raised before the

IDHR/EEOC as part of a charge or (2) dismissed and not timely raised by filing suit within the 90-day statute of limitations. Plaintiff attaches numerous exhibits to his Complaint, including numerous EEOC charges. Again, some of these charges, while attached to the Complaint, are completely time-barred from suit and, as such, cannot form the basis of this lawsuit.

Plaintiff first filed an EEOC charge on February 22, 2017 alleging race discrimination occurring in 2009 and 2016. (Exhibit E to Complaint) That charge was dismissed on May 24, 2017. (Exhibit F to Complaint) As such, Plaintiff's right to file suit based on the allegations contained in that charge expired on August 22, 2017. Plaintiff never filed suit on August 22, 2017. On October 29, 2019, Plaintiff filed another charge with the IDHR and EEOC, alleging race discrimination and retaliation. (Exhibit L to Complaint) He amended that Charge on January 16, 2020, alleging race discrimination and retaliation and adding a claim regarding his discharge on November 15, 2019. (Exhibit Q to Complaint) This Charge was dismissed on August 27, 2020. (Exhibit R to Complaint) Plaintiff had 90 days to file suit on the basis of that charge and he filed the instant action on November 25, 2020, alleging the following: (1) Count I – Title VII Race Discrimination against all Defendants; (2) Count II – Title VII Retaliation against all Defendants; (3) Count III – Violations of the Age Discrimination in Employment Act against all Defendants; (4) Count IV – Common Law Retaliatory Discharge against all Defendants; (5) Count V – Violation of the Illinois Whistleblower Act against all Defendants; (6) Count VI – Common Law Intentional Infliction of Emotional Distress against all Defendants; (7) Count VII – Violation of the Illinois Wage Payment and Collection Act against Hy-Vee; (8) Count VIII – Violation of the Illinois Wage Payment and Collection Act against Hoegner, Welter and Housby.

In Counts I and II, Plaintiff alleges violations of Title VII occurred through retaliation in 2009 (¶21 of Complaint), being suspended in 2016 (¶47 of Complaint), being disciplined in 2016 (¶53) and filing a charge with the EEOC in 2017 (¶61 of Complaint). These claims are all time-

barred and the reasons warranting dismissal don't stop there. In addition to filing Title VII claims against Hy-Vee, Inc., Plaintiff purports to bring Title VII claims directly against three individual employees. Such claims are strictly prohibited by federal statute and the Seventh Circuit cases enforcing the same.

In Count III, Plaintiff purports he was subjected to age discrimination for the very first time in his federal complaint. He never raised "age" as a basis for his previous charges with the EEOC and certainly failed, in all material respects, to exhaust his administrative remedies with regard to any age discrimination claim. Despite the explicit statutory framework and governing case law on this issue, Plaintiff's Complaint is peppered with new references to age as a basis for his claims. Any claim for age discrimination is barred as a matter of law and should be dismissed with prejudice.

Plaintiff fares no better in his efforts to recycle the exact same operative facts for state law claims in Counts IV-VI. Specifically, Plaintiff alleges a common law retaliatory discharge claim (Count IV), a violation of the Illinois Whistleblower Act (Count V) and a common law intentional infliction of emotional distress claim (Count VI). Each of these claims are preempted by the Illinois Human Rights Act and should be dismissed with prejudice.

Plaintiff's final claims fall under the Illinois Wage Payment and Collection Act ("IWPCA"). In Counts VII and VIII, Plaintiff asserts broad labels and legal conclusions lacking entirely in any factual content necessary to give Defendants fair notice of the grounds upon which his claims rest. The Complaint does not identify an agreement or contract giving rise to any obligation he claims has been violated. His efforts to impose individual liability under the IWPCA is similar in its dispositive deficiencies. Absent from the Complaint is a single factual allegation stating any of the three individual defendants was actually involved in an alleged

refusal to pay his final compensation or that any knowingly permitted a violation. More is required even under a liberal pleading standard. Ultimately, Plaintiff's Complaint should be dismissed with prejudice because it is fatally flawed in each and every count. For these reasons and the reasons stated below, Defendants are entitled to dismissal of Plaintiff's Complaint in its entirety with prejudice.

## II.    MOTION TO DISMISS STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. Meadoworks, LLC v. Linear Mold & Engineering, LLC, 2020 WL 4194211, at *2 (N.D. Ill. 2020). In order to survive a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-455 (7th Cir. 1998). Plaintiff must include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level" and "if they do not, the plaintiff pleads itself out of court." EEOC v. Concentra Health Servs., 496 F.3d 773, 776 (7th Cir. 2007). Plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of the claim." Perkins v. Silverstein, 939 F.2d 463 (7th Cir. 1991). Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. T.K. v. Boys & Girls Clubs of America, 2017 WL 2464435 (C.D. Ill. 2017).

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded facts and allegations in the complaint. Thompson v. Ill. Dep't of Prof'l Regulation, 300

F.3d 750, 753 (7th Cir. 2002). Legal conclusions and conclusory allegations merely reciting elements of the claim are not entitled to this presumption of truth. T.K., 2017 WL 2464435, at *2-3. "A formulaic recitation of a cause of action's elements will not withstand a Rule 12(b)(6) motion to dismiss." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

Further, the Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim." Id., *citing* R.J.R. Servs. Inc. v. Aetna Cas. & Sur. Co., 895 F.2d 279, 281 (7th Cir. 1989). The Court may "strike from a pleading…any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. Pro. 12(f).

## III. ARGUMENT

### A. Counts I and II Should be Dismissed with Prejudice.

In Count I, Plaintiff alleges a Title VII race discrimination claim against all Defendants. Plaintiff, by and through Count I, makes broad, conclusory allegations that lack specificity or any direct application to the Hy-Vee store or individuals listed as defendants in this lawsuit. (See Paragraph 186 of Count I, p. 31 of Complaint, stating "The Defendants unlawfully fail/refuse to hire, discharge, and otherwise discrimination against individuals with respect to their compensation, terms, conditions or privileges of employment, because of such individual's race and skin color.") The allegations specific to Plaintiff state as follows:

a. Plaintiff applied for at least five (5) full-time jobs in 2016, 2017, 2018 and 2019, but was not given an interview.
b. Plaintiff received disciplinary writeups from Defendant Hoegner while white/Caucasian employees "routinely got disciplinary writeups from their managers."
c. Plaintiff was discriminatorily denied a full-time position in the meat department in September 2018.
d. Plaintiff was denied promotions and disciplined around the time he put in applications for promotions as a result of his race and color.
e. Plaintiff was demoted as a result of his race and color.
f. Plaintiff was suspended as a result of his race and color.
g. Plaintiff was terminated as a result of his race and color.

In Count II, Plaintiff alleges retaliation in violation of Title VII against all Defendants. Specifically, he alleges he filed complaints with the EEOC in February 2017 and October 2019. He alleges he was subsequently subject to adverse employment actions when he was denied promotions, disciplined, demoted, transferred, suspended and discharged. He further alleges he was subjected to work-related threats, warnings, reprimands, negative evaluations, threats of reassignment and scrutinizing of work or attendance more closely than others without justification. As discussed in greater detail below, Counts I and II both purport to bring Title VII claims which are time-barred, without jurisdiction and outside the scope of the underlying applicable charge. As such, dismissal with prejudice is warranted.

i.  Plaintiff's Claims Occurring Outside of the Statute of Limitations are Barred.

To successfully maintain a claim under Title VII, a party must first file a charge with the EEOC within the period of time allotted by the statute and the Commission must issue a right-to-sue letter. Therefore, before challenging an unlawful employment practice under Title VII, an employee must first file a timely EEOC charge and receive his right to sue. Chaudry v. Nucor Steel-Indiana, 546 F.3d 832 (7th Cir. 2008). Such a charge must be filed within 300 days after the alleged unlawful employment practice occurred or else the employee may not challenge the practice in court. Id. The Supreme Court has emphasized the need to identify the specific employment practice that is at issue when considering whether an EEOC charge was filed on time, noting that "[t]he EEOC charging period is triggered when a discrete unlawful practice takes place," confirming that "current effects alone cannot breath life into prior, uncharged discrimination." Id. An employment practice is a "discrete act or single occurrence that takes place at a particular point in time." Id. The date of the unlawful practice "is when a final, ultimate and non-tentative decision was made for which the employee receives unequivocal notice." Draper v. Martin, 664 F.3d 1110, 1113 (7th Cir. 2011).

6

The EEOC charge must be based on the "decision" or single occurrence that forms the basis of the alleged Title VII claim. Chaudry, 546 F.3d at 837. It cannot be based on the alleged discriminatory "effects" which may continue into the statutory limitations period. Id. (employee who alleged 2003 decision not to give him a raise continued to have discriminatory effects because he continued to work more for less money in 2006 had his claim dismissed because he failed to file charge within 300 days of the 2003 decision.) To the extent a Title VII claim is based on the "effects" of an alleged discriminatory act or decision, that claim is time-barred to the extent the plaintiff failed to file an EEOC charge within 300 days of the discriminatory act or decision. Brown v. Ill. Dept. of Natural Resources, 499 F.3d 675, 681 (7th Cir. 2007) (plaintiff is time-barred from filing suit under Title VII for any "discrete act" about which he did not file an EEOC charge within the 300-day EEOC charging deadline).

In this case, Plaintiff has filed and attached three charges to his Complaint.[1] Those charges, their respective filing dates and agencies are listed below:

| Exhibit | Charge | Agency | Date Filed | Basis | Dismissal | Deadline to File Suit on Charge |
|---------|--------|--------|------------|-------|-----------|---------------------------------|
| E | 26J-2017-00038 | Davenport (IA) Civil Rights Commission, FEPA & EEOC | | Race | 05/24/2017 | 08/22/2017 |
| L | 440-2019-07862 | Illinois Department of Human Rights & EEOC | 10/29/2019 | Race, retaliation on 6/14/2019 | 08/27/2020 | 11/25/2020 |
| Q | Amended 440-2019-07862 | Illinois Department of Human Rights & EEOC | 01/16/2020 | Race, retaliation on 11/15/2019 | 08/27/2020 | 11/25/2020 |

---

[1] Plaintiff also filed a third charge with the EEOC on August 17, 2017. While Plaintiff complains about the allegations of that charge, he does not attach it to his Complaint. He failed to file suit within the statute of limitations following dismissal by the EEOC of this unidentified charge and thus any claim based on that charge is barred.

Under the Illinois Human Rights Act and Title VII, a complainant must file a charge within 300-days of the alleged discriminatory act. Any events occurring outside of the 300-days are barred. Here, Plaintiff has attached two EEOC charges to the Complaint (see Exhibit E and Exhibits L and Q). Exhibit E involves a charge filed with the Davenport Civil Rights Commission, FEPA and EEOC alleging race discrimination. That Charge was dismissed by the EEOC on May 24, 2017 and any lawsuit regarding Exhibit E had to be filed by August 22, 2017. (Please see Exhibit F attached to Complaint) No lawsuit was filed by Plaintiff on that charge.

Exhibit L involves a charge filed with the Illinois Department of Human Rights and the EEOC alleging race discrimination and retaliation. Plaintiff amended that charge on January 16, 2020 alleging race discrimination and retaliation. (See Exhibit Q to Complaint) The IDHR and EEOC charge encompassed by Exhibits L and Q was dismissed on August 27, 2020. (Please see Exhibit R attached to Complaint)

Plaintiff filed this instance action on November 25, 2020. As such, only EEOC Charge No. 440-2019-07862 may form the basis of this suit. In that Charge, Plaintiff alleged he was disciplined on June 14, 2019 after complaining to respondent about being denied promotions to a full-time service clerk. Plaintiff subsequently amended his EEOC Charge to add a claim for retaliation regarding his discharge on November 15, 2019. There are no other allegations contained within the original or amended Charge No. 440-2019-07862.

Because such charge was initially filed on October 29, 2019, any alleged wrongful conduct occurring prior to January 2, 2019 is time-barred. In the Complaint, Plaintiff improperly incorporates and commingles actions by or on behalf of Hy-Vee occurring over a decade before the filing of this instant action – appearing to maintain that such allegations can form the basis of this suit. Those allegations, and any claims based upon such allegations, are barred as a matter of

law. As such, Defendants respectfully request this Court dismiss Count I and Count II with prejudice.

ii.  Plaintiff's Claims Outside the Scope of EEOC Charge No. 440-2019-07862 are Barred.

In the instant action, Plaintiff purports to bring a myriad of claims and allegations that were not part of the underlying EEOC charge. In order to state a claim under Title VII, Plaintiff must first exhaust his administrative remedies by timely filing a charge and receiving his right to sue. In this instance, Plaintiff has filed numerous charges, all of which were dismissed at the administrative level. He did not file suit within the time period required for EEOC Charge No. 26J-2017-00038 (attached to the Complaint as Exhibit E). In fact, of the various charges Plaintiff filed, the only one that involves some alleged conduct within the statutory time period is EEOC Charge No. 440-2019-07862. This lawsuit is limited to the scope of those allegations timely filed.

In Exhibit Q to the Complaint, Plaintiff alleges as follows:

I began my employment with Respondent in or around November 2008. My current position is part-time Meat Stock Clerk. I have applied for promotions for full-time Service Clerk but have not been selected by Respondent. I complained to Respondent. Subsequently, I have been disciplined. I filed the instant Charge of Discrimination. On or about November 11,2019, I was discharged.
I believe I have been discriminated against because of my race, Black, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Despite this, Plaintiff attempts to breathe new life into untimely, barred claims, that span over the course of a decade. These efforts stand in direct conflict with the United States Supreme Court's ruling in National R.R. Passenger Corp. v. Morgan. In National R.R., the Court held that the 300-day filing deadline created "an obligation impervious to judicial discretion." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). The filing deadline is mandatory and

imposes on a plaintiff the requirement to identify and raise the discrete act or occurrence within the time prescribed. "Discrete acts such as termination, failure to promote, denial of transfer or refusal to hire are easy to identify." Id. at 114. While each incident of alleged discrimination and each alleged retaliatory adverse employment decision constitutes a separate actionable practice, a plaintiff can only file a charge to cover discrete acts that occurred within the appropriate time period. Id. Allegations of discrimination spanning the course of one's employment do not change the scope of Title VII's mandatory filing deadline. Id. (While plaintiff alleged he suffered numerous discriminatory and retaliatory acts from the date he was hired, only incidents that took place within the appropriate filing period are actionable.)

Both Count I and Count II generally allege Plaintiff was retaliated against when he was denied promotions, disciplined, demoted, transferred, suspended and discharged. (Count I, Paragraph 198; Count II, Paragraph 209) Exhibit Q does not identify or include allegations regarding any demotion or suspension. As such, those claims are barred. Further, Plaintiff's Complaint includes allegations from 2009, 2015, 2016, 2017 and 2018. To the extent Plaintiff's claims are based on any act or occurrence not raised in a charge within 300-days of that occurrence and subsequently not filed within 90-days of receiving the right to sue, those claims and allegations are barred from inclusion in this suit.

Finally, Plaintiff fails to identify how or what "discipline" he was subjected to that (1) falls within the scope of his EEOC charge and (2) constitutes an adverse action under Title VII. As such, Plaintiff has failed to state a cause of action with regard to the retaliation claim based on "discipline." Therefore, Defendants respectfully request this Court dismiss Counts I and II as such claims are based on allegations outside the scope of Exhibit Q and fail to state a claim based on being "disciplined" under Title VII.

**B. Plaintiff's Title VII Claims Against the Individually-Named Defendants are Barred.**

Plaintiff purports to bring Counts I and II against all Defendants. This includes Hy-Vee and the three individually-named employees, Troy Hoegner, Jerad Welter and Tim Housby. Plaintiff's efforts to impose Title VII liability against individual employees runs afoul of the longstanding precedent in the Seventh Circuit. For the reasons stated below, Counts I and II should be dismissed against the individual defendants.

      i.      <u>Title VII Does Not Provide for Individual Liability.</u>

Under Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." <u>42 U.S.C. §2000e</u>. Supervisors cannot be held individually liable under Title VII for the claims raised by Plaintiff. <u>Shelton v. Ernst & Young, LLP</u>, 143 F.Supp.2d 982, 990 (N.D. Ill. 2001). The Seventh Circuit and the courts within it have routinely affirmed this principle. <u>Huebschen v. Department of Health and Social Services</u>, 716 F.2d 1167, 1171 (7th Cir. 1983) (supervisors are not liable as employers under the definition of the Act); <u>Williams v. Banning</u>, 72 F.3d 552, 555 (7th Cir. 1995); <u>Johnson v. Lew</u>, 202 F.Supp.3d 805, 811 (N.D. Ill. 2016) (individual liability not permitted by Title VII). Because Defendants Hoegner, Welter and Housby do not qualify as an employer under Title VII, Counts I and II must be dismissed as to those Defendants.

      ii.     <u>Plaintiff's Failure to Identify the Individual Defendants as Respondents in the EEOC Charge Warrants Dismissal.</u>

As stated above, Plaintiff alleges Title VII violations against three individually-named employees of Hy-Vee in Count I and Count II. The EEOC charge which forms the basis of this lawsuit lists only one respondent – Hy-Vee, Inc. (See Exhibit L to Complaint) In fact, when Plaintiff amended his charge with the EEOC in January of 2020, he still did not identify any

individual person as a respondent. (See Exhibit Q to Complaint) His failure to raise such allegations against these Defendants is fatal to his claims against them in Count I and Count II.

The purpose of the EEOC's charge filing requirement is twofold. Metz v. Joe Rizza Imports, Inc., 700 F.Supp.2d 983, 989 (N.D. Ill. 2010). First, it provides notice to the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates. Id. Once a complaint is filed, the subsequent judicial proceedings are limited by the nature of the charges filed with the EEOC. Thus, "under the well-settled law of this circuit, a party not named as the respondent in an EEOC charge may not be sued under Title VII." Id.; Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989) (affirming dismissal of unnamed defendant); Lyons v. Commonwealth Edison, 2008 WL 4686153, at *2-3 (N.D. Ill. 2008) (dismissing unnamed defendant); Harder v. Vill. of Forest Park, 466 F.Supp.2d 1000, 1003-04 (N.D.Ill. 2006) (dismissing unnamed defendant). Because Defendants Hoegner, Welter and Housby are not named as respondents in the underlying EEOC charge which forms the basis of this suit, Defendants respectfully ask this Court to dismiss Counts I and II against them.

### C.  Plaintiff's ADEA Claim in Count III is Barred and Should be Dismissed with Prejudice.

Similar to Title VII, the Age Discrimination in Employment Act requires a plaintiff to first exhaust specific administrative remedies before filing suit in court. Specifically, in order to sue under the ADEA in Illinois, an employee must timely file a charge of discrimination with the EEOC alleging age discrimination. Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 637 (7th Cir. 2004); Yuhe Diamba Wembi v. Metro Air Service, 195 F.Supp.3d 957 (N.D. Ill. 2016). A plaintiff cannot bring a claim in an ADEA lawsuit if such claim was not alleged in the EEOC charge. Yuhe Diamba Wembi, 195 F.Supp.3d at 969.

12

The exhaustion requirement serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion and of giving the employer some warning of the conduct about which the employee is aggrieved. Id. Allowing a complaint to encompass allegations outside the ambit of the EEOC charge "would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge. Id. "For a plaintiff to proceed on a claim not raised in an EEOC charge, there must be a reasonable relationship between the allegations in the charge and the claims in the complaint, and it must appear that the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." Id. citing Jones v. Res-Care, Inc., 613 F.3d 665, 670 (7th Cir. 2010).

Plaintiff's Complaint was the very first time he ever raised allegations of age discrimination. Despite filing numerous charges with local, state and federal agencies (i.e. the Davenport Civil Rights Commission, the Illinois Department of Human Rights and the EEOC), Plaintiff never once alleged any conduct was motivated by his age. He exclusively limited his arguments to race and retaliation for filing an EEOC charge. Of all the charges and alleged internal complaints, Plaintiff never once mentioned his age. While "courts review the scope of an EEOC charge liberally," the factual allegations in the charge must still be "like or reasonably related" for purposes of his age discrimination claim. Here, Plaintiff clearly fails to meet that standard.

This failure is identical to that which led to dismissal in Yuhe Diamba Wembi. In that case, the plaintiff's underlying IDHR charge alleged a reduction in hours "because of his race, black." The plaintiff's second charge alleged retaliation for filing a previous charge of discrimination. The charges did not contain a single allegation that mentioned age discrimination or the plaintiff's age. Wembi, 195 F.Supp.3d at 969-970. These facts are identical to those before

this Court. Here, Plaintiff's underlying charges, while numerous, never once allege age

discrimination nor do they ever mention Plaintiff's age. They exclusively allege race

discrimination and retaliation. As such, the EEOC limited its investigation to those bases and

Defendant Hy-Vee was provided an opportunity to respond only to those bases.

The Seventh Circuit has repeatedly and consistently held that claims not like or

reasonably related to the allegations in the underlying charge must be dismissed. Moore v. Vital

Prods., Inc., 641 F.3d 253, 257 (7th Cir. 2011) (EEOC alleges hostile work environment and

retaliation which are not like or reasonably related to complaint for discriminatory discharge);

Dandy v. United Parcel Serv., Inc., 388 F.3d 263, 270 (7th Cir. 2004) (holding allegations of

"unequal pay or a hostile work environment" were not reasonably related to EEOC charge that

alleged failure to promote on account of race and gender."). This Circuit has further confirmed

that retaliation, discrimination and harassment claims are normally "not" like or reasonably

related to one another to permit an EEOC charge of one type of wrong to support a subsequent

civil suit for another. Sitar v. Ind. Dep't of Transp., 344 F.3d 720, 726 (7th Cir. 2003). Here,

Plaintiff is raising, for the very first time, the allegation that he was discriminated against on the

basis of age. Because he failed to exhaust his administrative remedies on his ADEA claim,

Defendants respectfully request Count III be dismissed with prejudice.

### D.  Counts IV-VI are Preempted by the Illinois Human Rights Act and Should be Dismissed with Prejudice.

In Count IV, Plaintiff alleges a common law retaliatory discharge claim against all

defendants. Specifically, Plaintiff states both Illinois and the United States of America "have

clearly mandated public policies in favor of employees reporting their employers for

discriminating against their employees on the basis of race, skin color, age and/or retaliating

against their employees. Plaintiff further alleges he was discharged in retaliation for activities "in

14

support of the public policies in favor of employees reporting their employers for discriminating against their employees on the basis of race, skin color, age and/or for exercising his rights under Title VII and the ADEA. (Please see Count IV, Paragraph 225, p. 39). Put differently, Plaintiff brings a common law retaliatory discharge claim **for the exact same reasons which form the basis of his IDHR/EEOC charge and race discrimination/retaliation claims under Title VII.** Count IV is based on the same set of operative facts as his underlying IDHR/EEOC charge and cannot be separated.

To state a cause of action for retaliatory discharge under Illinois law, a plaintiff must allege that (1) he was discharged, (2) in retaliation for his activities, and (3) the discharge violates a clear mandate of public policy. Shamim v. Siemens Industry, Inc., 854 F.Supp.2d 496, 509-510 (N.D. Ill. 2012). Illinois courts have only recognized two types of cases where a "clearly mandated policy" exists: (1) cases where the employee suffered an injury and was later discharged after filing a workers compensation claim and (2) cases where the employee was discharged because he reported illegal conduct. Id. at 510. Illinois courts, however, have not extended this tort to situations where a plaintiff alleges that the public policy violated is the policy contained in the Illinois Human Rights Act. Id. "Rather, the comprehensive scheme of remedies and administrative procedures in the Illinois Human Rights Act provides the exclusive means for redress of civil rights violations. Id. *citing* Mein v. Masonite Corp., 485 N.E.2d 312, 315 (Ill. 1985); 775 Ill. Comp. Stat. 5/8-111(D) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act.") By contrast, where the claim exists independent of any legal duty imposed by the Illinois Human Rights Act, a claim is not preempted.

In Count V, Plaintiff alleges violations of the Illinois Whistleblower Act, claiming he was disciplined, denied promotions, discriminated against, suspended and discharged in retaliation

for reporting alleged discrimination to the EEOC. Plaintiff's Illinois Whistleblower Act claim purports to state a claim **for the exact same reasons which form the basis of his IDHR/EEOC charge and race discrimination/retaliation claims under Title VII.** Again, Plaintiff's IWA claim is based on the same set of operative facts in his underlying IDHR/EEOC charge and cannot be separated.

In Count VI, Plaintiff alleges an intentional infliction of emotional distress claim against all defendants, claiming he was disciplined, denied promotions, discriminated against and discharged for reporting alleged discrimination to the EEOC. Plaintiff's IIED claim purports to state a claim **for the exact same reasons which form the basis of his IDHR/EEOC charge and race discrimination/retaliation claims under Title VII.** This third effort is again based on the same set of operative facts in his underlying IDHR/EEOC charge and cannot be separated.[2]

Under Illinois law, the comprehensive scheme of remedies and administrative procedures of the Illinois Human Rights Act is the exclusive source of redress for alleged human rights violations. Jimenez v. Thompson Steel Co., Inc., 264 F.Supp.2d 693 (N.D. Ill. 2003). Section 5/8-111(c) of the IHRA divests courts, both state and federal, of jurisdiction to hear state law claims of civil rights violations unless those claims are brought under the IHRA. Talley v. Washington Inventory Serv., 37 F.3d 310, 312 (7th Cir. 1994). The IHRA thus preempts any claim "inextricably linked" to an alleged violation of an employee's civil rights under the Act. Brewer v. Board of Trustees of the Univ. of Illinois, 791 N.E.2d 657, 664 (Ill. App. 2003). The

---

[2] When the only allegations that conceivably relate to emotional distress are those for discrimination or retaliation under the Illinois Human Rights Act, the claims are "inextricably linked" with the underlying facts of the civil rights violations listed in the IHRA. As such, the emotional distress claims should be dismissed with prejudice. Shelton, 143. F.Supp.2d at 991; Smith v. Chicago Park Dist., 1991 WL 33883 (N.D. Ill. 1999) (dismissing intentional infliction of emotional distress claim predicated on same facts as sexual and racial harassment claims because of IHRA preemption).

Illinois Supreme Court has held that a claim may avoid preemption only when a plaintiff can allege the claim without reference to the legal duties created by the IHRA.

Here, Plaintiff's claims in Counts IV, V and VI are <u>entirely based on the alleged violations of his civil rights under the Illinois Human Rights Act.</u> (See Count IV, alleging retaliatory discharge claim based on his reporting of alleged discrimination by employer; Count V alleging retaliation for reporting information to the EEOC; Count VI alleging race discrimination and retaliation for reporting of alleged discrimination by employer.) The Illinois Human Rights Act expressly encompasses these claims and, as dictated by both statute and the Illinois Supreme Court, provides the exclusive and sole remedy to those allegedly aggrieved by employer violations. (775 Ill. Comp. Stat. 5/6-101(A)) (IHRA expressly prohibits race discriminations and prohibits employers from retaliating against a person "because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination…or because he or she has made a charge, filed a complaint, testified, assisted or participated in an investigation, proceeding or hearing under this Act.")

It is impossible for Plaintiff to separate the legal duties of the IHRA from the allegations in Counts IV, V and VI. In fact, those claims are a direct regurgitation of the alleged violations of Title VII in Counts I and II, which are based on Plaintiff's IDHR/EEOC charge. (See Count I alleging race discrimination and Count II alleging retaliation for reporting complaints to the EEOC). Therefore, it is abundantly clear that such claims are "inextricably linked" to an alleged civil rights violation under the IHRA and therefore preempted. <u>Brewer</u>, 791 N.E.2d at 664. Such preemption divests this Court of jurisdiction to hear these claims. <u>Talley</u>, 37 F.3d at 312; <u>Guy v. State of Illinois</u>, 958 F.Supp. 1300, 1312 (N.D.Ill. 1997) ("Illinois state courts (and federal courts sitting in their stead) lack jurisdiction over such claims, which proceed instead in front of the Illinois Human Rights Commission.) As such, Defendants respectfully request this Court dismiss

Counts IV, V, and VI with prejudice because such claims are preempted by the Illinois Human Rights Act.

E. **Count VI Fails to State a Claim for IIED and Should be Dismissed with Prejudice.**

Plaintiff's claim for intentional infliction of emotional distress is preempted for the reasons stated above in Section D. Subject to and without waiving said argument, Defendants further move to dismiss Count VI for failure to state a claim pursuant to Rule 12(b)(6). To state a cause of action for intentional infliction of emotional distress under Illinois law, a plaintiff must allege that (1) the defendant's conduct was extreme and outrageous, (2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so and (3) the defendant's conduct actually caused severe emotional distress. Shamim, 854 F.Supp.2d at 511. Whether conduct is extreme and outrageous is judged on an objective standard, based on all the facts and circumstances of the particular case. Id.; Honaker v. Smith, 256 F.3d 447, 490 (7th Cir. 2001). Illinois case law makes clear that the standard is high and "that under no circumstances do mere insults, indignities, threats, annoyances, petty oppressions or other trivialities qualify as outrageous conduct." McGrath v. Fahey, 533 N.E.2d 806, 809 (Ill. 1988). Rather, to be considered extreme and outrageous, "a defendant's conduct mut be so extreme as to go beyond all possible bounds of decency and must be regarded as intolerable in a civilized community." To serve as a basis for recovery, the defendant's conduct must be such that "the recitation of facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim: Outrageous!" Honaker, 256 F.3d at 490.

Courts in Illinois have repeatedly refused to find a claim for IIED in employment situations because of the concern that "if everyday job stresses resulting from discipline, personality conflicts, job transfers or even termination could give rise to a cause of action for IIED, nearly

every employee would have a cause of action." Shamim, 854 F.Supp.2d at 512. In the employment context, the Seventh Circuit has consistently denied recovery to plaintiffs who alleged that their employers subjected them to a continuous series of intentionally discriminatory acts. Id.; Van Stan v. Fancy Colours & Co., 125 F.3d 563, 568 (7th Cir. 1997); Bannon v. Univ. of Chicago, 503 F.3d 623 (7th Cir. 2007) (Seventh Circuit finding no extreme or outrageous conduct where plaintiff's primary allegation was that her supervisor caused her emotional distress by use of racial slurs). In the absence of conduct calculated to coerce an employee to do something illegal, courts have consistently declined to find an employer's retaliatory conduct sufficiently extreme or outrageous to give rise to an action for IIED. Milton v. Ill. Bell. Tel. Co., 427 N.E.2d 829, 833 (Ill. App. 1981); Harriston v. Chi. Tribune Co., 992 F.2d 697, 703 (7th Cir. 1993) (affirming dismissal of plaintiff's IIED claim where plaintiff alleged she was subjected to discriminatory conduct, being reprimanded, being forced out of a management position, being falsely accused of having poor sales and being threatened with discipline, among other actions).

In this case, Plaintiffs IIED claim alleges Defendants disciplined him, discriminated against him and retaliated against him. Plaintiff makes no allegations that Defendants intended to coerce him into engaging in any sort of activity. Even in cases where plaintiffs have alleged harassment, including the use of highly offensive racial, ethnic and religious slurs and overall abusive behavior by a supervisor, the court has found such behavior did not reach the requisite IIED threshold. Shamim, 854 F.Supp.2d at 513. Because Plaintiff's IIED claim falls drastically short of alleging any conduct recognized as extreme or outrageous by the Seventh Circuit and because Plaintiff has failed to allege facts showing the necessary intent of the Defendants or actual impact on Plaintiff, Defendants are entitled to dismissal of that claim with prejudice.

F. **Plaintiff's Claims Under the Illinois Wage Payment and Collection Act at Counts VII and VIII Should be Dismissed with Prejudice.**

Defendants next move the Court to dismiss Counts VII and VIII of Plaintiff's Complaint, which purport to allege claims against Defendant Hy-Vee (Count VII) and each of the individual Defendants (Count VIII) under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, ("IWPCA"). In support of his IWPCA claims, Plaintiff does nothing more than assert broad labels and legal conclusions entirely lacking in factual content necessary to give Defendants fair notice of the grounds upon which the claims rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Plaintiff broadly alleges that Hy-Vee was required, pursuant to the IWPCA, to pay Plaintiff his final compensation in full at the time of his separation or not later than the next regularly scheduled payday (see, Complaint at ¶241), and that such final compensation as it pertains to Plaintiff includes but is not limited to "all paid time off, extended sick leave, and vacation time that [Plaintiff] had accrued and earned while employed at Hy-Vee." (Complaint at ¶242) Plaintiff's Complaint then simply alleges Hy-Vee's failure to pay Plaintiff his "full final compensation violates the IWPCA." (Complaint at ¶243)

Plaintiff's Complaint is entirely devoid of any facts alleging the existence of any "employment contract or agreement" between the Plaintiff and Hy-Vee which would entitle Plaintiff to the final compensation alleged to be owed. See, Elder v. Comcast Corp, 2012 WL 38335100 at *1-2 (N.D. Ill. 2012) ("The IWPCA therefore does not provide an independent right to payment of wages and benefits; instead, it only enforces the terms of an existing contract or agreement.") (dismissing complaint but granting leave to file amended complaint), citing Sanchez v. Haltz Const., Inc., 2012 WL 13514, at *5 (N.D. Ill. Jan. 4 2012). Similarly, Plaintiff's Complaint fails to provide any facts whatsoever detailing the terms of any such contract or agreement.

Rather, Plaintiff simply broadly alleges he is somehow entitled to "paid time off,

extended sick leave, and vacation time…." (Complaint at ¶242) Plaintiff's failure to allege any

facts supporting the existence of any employment contract or other agreement between the

Plaintiff and Hy-Vee giving rise to an obligation of Hy-Vee to provide such compensation is

fatal to his claim and grounds for dismissal pursuant to Rule 12(b)(6). See also, Dominguez v.

Micro Center Sales Corp., 2012 WL 1719793 at *1 (N.D. Ill. 2012) ("[the plaintiff] can state a

IWPCA claim not by alleging the existence of *any* employment contract or agreement, or by

alleging a *statutory* right to certain wages, but only by alleging the existence of a contract or

agreement that specifically gives her a right to the wages she seeks.") (emphasis in original);

Hoffman v. Roadlink Workforce Solutions, LLC, 2014 WL 3808938 at *5 (N.D. Ill. 2014)

(dismissing IWPCA claims without prejudice where complaint alleged only that "Defendants did

not pay Plaintiffs at the agreed-upon *rate*. But Plaintiffs do not allege what that rate was – that is,

they fail to allege that Defendants agreed to pay them at a particular rate, be it nine dollars per

hour or ten dollars per hour – making it impossible to plausibly conclude that Defendants failed

to pay the agreed-upon rate.") (internal citations omitted)

Plaintiff's Complaint likewise is entirely lacking facts supporting Plaintiff's conclusory

allegations at Count VIII that the individual Defendants (Hoegner, Welter and Housby) qualify

as "employers" under the IWPCA. 820 ILCS 115/13. Specifically, Section 13 of the IWPCA is

limited to those "officers of a corporation or agents of an employer *who knowingly permit* such

employer to violate the provisions of this Act shall be deemed to be the employers of the

employees of the corporation." 820 ILCS 115/13. In addition to the failure of Plaintiff to allege

any facts demonstrating the existence of a contract or agreement entitling Plaintiff to the "final

compensation" he claims to be owed, Plaintiff also fails to allege facts showing any individual

Defendant was actually involved in the alleged refusal to pay final compensation or that they

knowingly permitted a violation. <u>Knapp v. City of Markham</u>, 2011 WL 3489788 at *11-12 (N.D.

Ill. 2011) (dismissing IWPCA claim without prejudice as to one individual defendant where

there were "no allegations that plausibly allege [the individual defendant]'s involvement in

refusing to pay [the wages claimed to be owed], or that [the individual defendant] knowingly

permitted others not to pay.")

Instead, like Count VII, Plaintiff simply alleges, in a conclusory fashion, that Defendants

Hoegner, Welter and Housby are officers of Hy-Vee who knowingly permitted Hy-Vee to violate

the IWPCA and are therefore also personally liable. (Complaint at ¶¶246-47) As with Count VII,

Plaintiff's claim at Count VIII of his Complaint falls woefully short of the factual allegations

necessary to support a claim under the IWPCA against Defendants Hoegner, Welter or Housby

and should therefore be dismissed.

### G.  To the Extent Any Such Claims Survive Dismissal, Defendants Move to Strike Plaintiff's Time-Barred, Improper and Inadmissible Allegations and Exhibits.

Subject to and notwithstanding Defendants' aforementioned arguments regarding dismissal,

Defendants move, in the alternative and only to the extent any such portion of Plaintiff's claims

survive Defendants' Motion to Dismiss, to strike certain information from the Complaint.

Plaintiff's Complaint includes irrelevant, immaterial and time-barred allegations. It further

includes and incorporates inadmissible information barred from consideration in this litigation.

For the reasons stated in Section G(i) and G(ii) below, Defendants move this Court to strike such

items from the Complaint to the extent such information is not otherwise dismissed by the Court

pursuant to Defendants' Motion to Dismiss.

i.   <u>Plaintiff's Time-Barred and Improper Allegations Should be Stricken from the Complaint.</u>

In this case, Plaintiff's Complaint includes allegations from over ten years ago. (See

Paragraph 21 on p. 4, alleging Plaintiff was demoted for reporting information to "corporate.")

Plaintiff also includes allegations which purport to form the basis of his Title VII claims in Counts I and II that far <u>grossly outside the statutory filing deadlines</u>. (See Paragraphs 17-18 on p. 4, alleging White was suspended in 2009 and Paragraph 47 on p. 8, alleging White was suspended in 2016) In Count I, Plaintiff then alleges his suspensions were the result of race discrimination. (See Count I, Paragraph 198 on p. 33 attempting to bring Title VII claim for suspensions not a part of underlying IDHR/EEOC charge and time-barred.)

Plaintiff's Complaint is peppered with improper allegations that are time-barred or otherwise barred from this suit. Particularly concerning is the fact that Plaintiff makes no separation of such allegations from the underlying IDHR/EEOC charge attached to the Complaint. Plaintiff blindly chronologizes an alleged timeline of discrete acts that are unquestionably barred from suit and then weaves those prohibited bases into Counts I and II in an effort to breath life into claims that have long expired. This grossly ignores Title VII and the applicable legal standards that govern this Court.

As such, Defendants ask this Court to strike all allegations pertaining to conduct, acts or occurrences encompassed or identified in a previous charge whose statutory filing deadline had expired at the time of this suit and specifically strike allegations pertaining to conduct, acts or occurrences occurring prior to January 2, 2019, the date three-hundred (300) days prior to the filing of Plaintiff's IDHR/EEOC charge which forms the underlying basis of this suit.

ii.   <u>Plaintiff's Allegations and Exhibits Regarding Plaintiff's Obtainment of Unemployment Insurance Benefits Should be Stricken from the Complaint.</u>

Additionally, Defendants request the Court strike Paragraphs 175 through 177 and Exhibits O and P of Plaintiff's Complaint, which purport to state irrelevant facts pertaining to Plaintiff's obtainment of unemployment insurance benefits through the Illinois Department of Employment Security. These paragraphs should be stricken from Plaintiff's Complaint pursuant to the Illinois Unemployment Insurance Act, <u>820 ILCS 405/1900(B)</u>, which provides that "No

finding, determination, decision, ruling or order (including any finding of fact, statement or conclusion made therein) issued pursuant to this Act shall be admissible or used as evidence in any action other than one arising out of this Act, nor shall it be binding or conclusive except as provided in this Act, nor shall it constitute res judicata, regardless of whether the actions were between the same or related parties or involved in the same facts." Plaintiff's Complaint runs directly contrary to the mandate of the Illinois Legislature as set forth in the Unemployment Insurance Act by attempting to include an IDES local office's determination (under a very different and entirely irrelevant standard of an employer's burden to prove "misconduct" as defined by the Act) in his instant Complaint. The Court should strike Paragraphs 175 through 177 and Exhibits O and P consistent with the requirements of the Unemployment Insurance Act as set forth above.

WHEREFORE, Defendants respectfully request that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint and, to the extent any claims should survive, grant Defendants' Motion to Strike all claims for which this Court lacks jurisdiction and all paragraphs and documentation regarding Plaintiff's obtainment of unemployment insurance benefits and for any further relief this Court deems just and proper.

Dated:  June 15, 2021

Respectfully submitted,

By: */s/ Allison K. Wright*
One of Defendants' Attorneys

Cameron A. Davidson
HENINGER & HENINGER, P.C.
101 W. 2ND STREET, STE. 501
Davenport, Iowa 52801
Telephone: 563.324.0418
Email:cdavidson@heningerlaw.com

-and-

24

Allison K. Wright
PAPPAS WRIGHT, P.C.
1617 Second Avenue, Suite 300
Rock Island , Illinois 61201
Telephone: 309.788.7110
Email: awright@pappaswright.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2021, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

Cynthia N. Pietrucha
Pietrucha Law Firm, LLC
1717 N. Naper Blvd., Suite 200
Naperville, IL  60563
Email:  cpietrucha@pietruchalaw.com

<u>     /s/   **Allison K. Wright**     </u>
Allison K. Wright